**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HUSSAM ABO-TOHA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2433-J |
| | ) | |
| FRED FIGUEROA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Hussam Abo-Toha, a Pakistani citizen, was ordered removed to Pakistan in April 2007 but had been living in the United States under an Order of Supervision (OOS) for approximately eighteen years. Immigration and Customs Enforcement (ICE) detained him in September 2026 and he filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief challenging that detention. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxfield issued a Report and Recommendation recommending that the Court: (1) grant the Petition and (2) order Respondents to immediately release Petitioner subject to an appropriate OOS. (Rep. & Rec.) [Doc. No. 12]. Respondents filed a timely objection, [Doc. No. 13], but only triggered de novo review on one finding. *See Singh v. De Anda-Ybarra*, No. CIV-26-218-J, 2026 WL 973285, at *1 (W.D. Okla. Apr. 10, 2026) (holding that an objection that simply expresses general disagreement with the recommendation is insufficient to require de novo review and collecting cases in support).

In relevant part, Judge Maxfield concluded that Petitioner's 2007 OOS, which stated that he was released because the agency "has not effected your deportation or removal during the period

prescribed by law,"[1] placed him under 8 U.S.C. § 241.13, rather than 8 U.S.C. § 241.4. Rep. & Rec. at 11-12. She then found that Respondents failed to comply with the § 241.13 requirements for revoking his OOS. Namely, Respondents failed to give Petitioner proper notice, provide him a prompt informal interview, or, ultimately, establish that changed circumstances supported the OOS revocation. *See id.* at 12-18.

Although they "object," Respondents provide no substantive challenge to Judge Maxfield's findings that § 241.13 applies or that they failed to provide proper notice and a prompt informal interview. [Doc. No. 13 at 1]. These findings are thus ADOPTED without de novo review.[2]

Instead, Respondents focus their attention on Judge Maxfield's conclusion that they also failed to establish changed circumstances for Petitioner's OOS revocation. *See id.* at 1-3. Even then, the objection is grounded in a complaint that Judge Maxfield relied on "non-binding" authorities. *Id.* at 2 ("the R&R relies on non-binding authority from the First Circuit Court of Appeals . . . as well as other non-binding authority from a variety of Federal District Courts to find that . . . Respondents failed to establish 'changed circumstances'"). They then specifically challenge her reliance on *Kong v. United States*, 62 F.4th 608, 619-620 (1st Cir. 2023) – a published opinion – on grounds that a district court from Florida rejected its premise in an *unpublished* opinion. [Doc. No. 13 at 2-3 (citing *Tran v. Warden, Fla. Soft Side S. Det. Ctr.*, No. 2:25-CV-1224-KCD-NPM, 2026 WL 672969, at *1 (M.D. Fla. Mar. 10, 2026))]. It seems Respondents only find non-binding authority objectionable when it fails to support their position. In any event, the Court need not address Respondents' disagreement with *Kong* because this Court has concluded that a failure to provide notice and a prompt informal interview under § 241.13, standing alone, warrants

[1] Rep. & Rec. at 12 (citing [Doc. No. 1, Ex. 1 at 2]).

[2] Even on de novo review, the Court would agree with Judge Maxfield's findings.

habeas relief. *See Li v. Bondi*, No. CIV-25-1480-J, 2026 WL 475133, at *3 (W.D. Okla. Feb. 19, 2026) ("Based on ICE's violation of [§ 241.13's requirement for notice and a prompt informal interview], this Court concludes that Petitioner's detention is unlawful and that his release is appropriate . . . .").

For these reasons, the Report and Recommendation [Doc. No. 12] is ADOPTED and Respondents are ORDERED to immediate release Petitioner under an appropriate OOS. Respondents SHALL certify compliance within three business days of the date of this Order. Respondents shall also comply with all application laws and regulations before attempting to detain Petitioner again.

A separate judgment will enter.

IT IS SO ORDERED this 17th day of November, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE